JUAN RIVERA-MICHEL, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 743.   Submitted November 26, 1928.—Decided December 4, 1928.

*Andrés Mena* for the appellant.   The registrar did not appear.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Juan Rivera Michel took from Manuel Garrido Farizo a loan of six hundred dollars and agreed to return it on October 8, 1924, giving as security a mortgage on a house and lot owned by him in Caguas.

Manuel Garrido Farizo assigned the mortgage to José Garrido Farizo who died intestate in June, 1927, and no judicial declaration of heirs has been made.

Isabel Polanco brought an action in the District Court of Humacao against the succession of José Garrido Farizo composed of his widow, María Puig, and his unknown heirs John Doe and Richard Doe, and in order to secure the effectiveness of the judgment she attached the said mortgage which, in execution of the judgment, was sold at auction by the marshal to Félix Baerga who received his deed and presented it in the registry of property where its record was denied with the consent of Baerga.

At this stage Juan Rivera Michel deposited in the District Court of Humacao the amount of the mortgage loan and its interest. The court ordered that notice of the deposit be given to María Puig, Isabel Polanco and Félix Baerga and as they presented no objections within the time allowed them, on August 29, 1928, the court ruled that the deposit was well made and ordered the cancellation of the mortgage by the registrar of property of Caguas. The registrar refused to record the cancellation as ordered on the ground that in the deposit proceeding the rules established by sections 1144 to 1149 of the Civil Code had not been complied with, especially the provisions of section 1145 in regard to notice; that the record of the mortgage in favor of Félix Baerga had been denied for lack of jurisdiction of the court because it did not appear that John Doe and Richard Doe had been summoned by publication in the action brought by Isabel Polanco and because the court had acknowledged that the denial was justified and consented to by Baerga; that it did not appear that the deposit had been notified in any manner to John Doe and Richard Doe, or that they were given the notice required by law.

The present appeal was taken from that decision of the registrar.

The first impression produced by the decision appealed from is that it is too general in stating that in making the deposit the requirements of sections 1144 to 1149 of the Civil Code had not been fulfilled. But it is also true that the registrar points out the defect of lack of notice to the unknown heirs of José Garrido Farizo which is the basis of the refusal to record the cancellation.

Section 1144 of the Civil Code specifies the only cases in which the deposit is effective of itself, disregarding the tender of payment, viz., absence or incapacity of the creditor, plurality of persons claiming the right to collect (opposed or conflicting rights is meant), and mislaying of the instrument

mentioning the obligation. Outside of these cases the tender of payment can not be ignored. Section 1145 of the Code establishes the requirement of notice of the deposit as section 1146 provides for notice that the deposit was made. The fact is that it does not appear in this case that tender of payment had been made to the heirs of José Garrido Farizo, or that they had been informed in any manner of the deposit or that it had been made. It is true that the mortgage appears to have been sold to Baerga, but the registrar found that record of that sale was denied because of lack of jurisdiction in the court and the consent of the interested party, and he could not recognize the latter as the owner of the mortgage for the purpose of the registry, the only purpose referred to in the decision according to article 101 of the Mortgage Law. In the present case the decision is properly made and the denial is correct, for at least the notice may be given by publication.

The decision of the registrar of property of Caguas referred to in this appeal is affirmed.